IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONNIE L. STEWART, JR.                                                                                      PLAINTIFF

        v.                                              Civil No. 07-5104

WASHINGTON COUNTY
CIRCUIT COURT, JUDICIAL
DISTRICT 4                                                                                                          DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 6, 2007, Donnie L. Stewart, Jr., currently a detainee of the Washington County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. The case is before the undersigned for a determination of whether service of process should issue.

### DISCUSSION

In his complaint, Stewart alleges that he has been prosecuted for many prior felonies. He contends these prosecutions violated his civil rights. Stewart wants the prosecutions removed from any state or federal record.

Stewart's complaint is subject to dismissal. First, "state courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment." *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). Moreover, it has been held that state courts are not "persons" subject to suit under § 1983. *See e.g., Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2nd Cir. 1970); *Kinney v. City of Cleveland*, 144 F. Supp. 2d 908 (N.D. Ohio 2001).

AO72A
(Rev. 8/82)

Second, to the extent Stewart's complaint can be read to be asserting a claim for damages, a state court and its members are immune from a suit for damages for judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).

Finally, to the extent Stewart challenges actions taken by the state courts, those claims fail. "[T]he United States Supreme Court alone has jurisdiction to review state court decisions. [T]he lower federal courts lack subject matter jurisdiction to consider federal claims that would vitiate an underlying state court judgment." *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (8th Cir. 2004)(citations omitted).

## CONCLUSION

I recommend that this action be dismissed for failure to state a claim and because it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

**Stewart has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Stewart is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of June 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE